IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHAWN ADAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv29 |
| SONJA WALLACE, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Shawn Adams, in inmate at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont Texas, for consideration pursuant to applicable orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this lawsuit. The magistrate judge recommends this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff alleges that his property was improperly confiscated. The magistrate judge concluded plaintiff failed to state a claim upon which relief could be granted because the improper deprivation of a prisoner's property does not violate the Constitution so long as an adequate post-deprivation remedy exists. The magistrate judge further concluded plaintiff did not have a constitutionally protected liberty interest in having his grievances correctly investigated, processed or resolved.

With respect to his deprivation of property claim, plaintiff asserts that the doctrine relied on by the magistrate judge does not apply because defendants Wallace and Timmerman were acting in accordance with established state procedures when they confiscated his radio. He states the radio was confiscated during a scheduled unit "shakedown" and that it was confiscated because the defendants considered it to be contraband in violation of prison regulations.

As the magistrate judge stated, the deprivation of property by prison officials does not violate the Due Process Clause so long as an adequately post-deprivation remedy exists. *Simmons v. Poppell*, 837 F.3d 1243, 1244 (5th Cir. 1988). However, plaintiff is correct in saying that this rule does not apply if the deprivation of property is the result of established state procedures. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

Plaintiff's allegations demonstrate his radio was confiscated during a scheduled search of his cell and because it was considered to be contraband. Prison officials stated the radio was confiscated because it had been altered with extra wiring and was considered dangerous pursuant to prison regulations. Plaintiff states he had possessed the radio for approximately 20 years and that the radio had not been altered. He contends the radio was therefore not contraband and that there was no legitimate reason for it to be seized.

Plaintiff cites to a prison regulation that permits property to be seized if it is contraband as defined in the regulation. Plaintiff states his radio was not contraband as defined in the regulation. As a result, plaintiff is alleging that when his radio was seized, it was seized in violation of the prison regulation rather than in accordance with it. His allegations therefore show that defendants Wallace and Timmerman were acting in violation of, rather than in accordance with, established state procedures when they confiscated his radio. If they had been complying with the prison regulation and established procedures, his radio would not have been taken. Further, plaintiff alleges that when she permitted his property to be destroyed, defendant Mays, a property officer, completely disregarded prison regulations. As a result, defendant Mays was also not acing in accordance with established state procedures.

As the confiscation and destruction of plaintiff's radio was not done in accordance with established state procedures and rules, the confiscation did not violate the Due Process Clause. Moreover, the magistrate judge correctly concluded plaintiff does not have a constitutionally protected liberty interest in having his grievances investigated, processed or resolved to his satisfaction.

ORDER

Accordingly, the objections filed by plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered dismissing this lawsuit in accordance with the recommendation of the magistrate judge.

**SIGNED** this the 24 day of **August, 2021.**

Thad Heartfield
United States District Judge